IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROTABLADE SYSTEMS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 20-619 (MN) |
| ) | |
| NEWEGG INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## **DEFENDANT NEWEGG INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Newegg Inc. (hereinafter "Newegg" or "Defendant"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff, Rotablade Systems LLC (hereinafter "Rotablade" or "Plaintiff"), as follows:

## **PARTIES**

1. Newegg is without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis denies said averments.

2. Admitted.

## **JURISDICTION**

3. This paragraph states a legal conclusion regarding subject matter jurisdiction to which no response is required.

4. This paragraph states a legal conclusion regarding subject matter jurisdiction to which no response is required.

5. This paragraph states a legal conclusion regarding personal jurisdiction to which no response is required. Newegg admits that it is a Delaware corporation. Newegg denies that it

has engaged in systematic and continuous business activities in Delaware.  Newegg denies that it has committed acts of infringement in this District or any other District.

## VENUE

6. This paragraph states legal conclusions regarding venue to which no response is required.  Newegg admits that it is a Delaware corporation.  Newegg denies that it has an established place of business in this District.  Newegg denies that it has committed acts of infringement in this District or any other District.  Newegg denies that Plaintiff has suffered harm in this district due to any acts of Newegg.

## PATENT-IN-SUIT

7. Newegg is without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis denies said averments.

## THE '843 PATENT

8. Newegg admits only that the recited patent number, title, filing date, and issue date match the information on the face of the patent document attached as Exhibit 1 to the Complaint.  Newegg is without sufficient information to either admit or deny the veracity of this information, and on this basis denies said averments.

9. This paragraph states a legal conclusion regarding validity and enforceability to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

## COUNT 1: INFRINGEMENT OF THE '843 PATENT

10. Newegg incorporates its responses to paragraphs 1-9 of the Complaint as if set forth in their entirety.

11. Denied. The '843 patent is directed to a rotating blade that is hit by a fluid flow, such as a wind turbine blade. Multiple claim limitations of the asserted claims are not present in the accused Noctua CPU cooler. Fundamentally, the claims require that the blade must rotate due to a force on the blade caused by a fluid flow coming in contact with the blade, such as would occur on a wind turbine blade when wind comes in contact with the blades. The blades of the accused Noctua CPU cooler are rotated by a motor powered by an external electricity source.

12. Denied. See response to paragraph 11 of the Complaint. In addition, Newegg specifically denies that its employees use or test the accused products.

13. This paragraph states a legal conclusion regarding notice. To the extent a response is required, Newegg admits that the Complaint constitutes notice of the contents thereof.

14. Denied. See response to paragraph 11 of the Complaint.

15. Denied. See response to paragraph 11 of the Complaint.

16. Denied. See response to paragraph 11 of the Complaint.

17. Denied. See response to paragraph 11 of the Complaint.

18. Denied. See response to paragraph 11 of the Complaint.

19. Denied.

## PLAINTIFF'S JURY DEMAND

20. Plaintiff's Jury Demand does not require a response by Defendant.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief in Paragraphs (A) through (E) of the section of Plaintiff's Complaint entitled "Prayer for Relief" and deny any allegations contained therein.

## **AFFIRMATIVE DEFENSES**

The following defenses are raised to the extent that discovery reveals the same to be appropriate. Defendant reserves the right to allege additional defenses of which it becomes aware during the court of this action.

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

The Complaint, and each and every purported claim for relief therein, fails to allege facts sufficient to state a claim against Newegg.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Noninfringement)**

Newegg has not infringed and is not infringing the asserted '843 patent under any theory, including direct infringement, infringement by inducement, or contributory infringement.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Invalidity)**

The '843 patent and all of the claims thereof are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1 et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### **FOURTH AFFIRMATIVE DEFENSE**
### **(Estoppel)**

Plaintiff is estopped from claiming that the '843 patent covers any product sold by Newegg by virtue of prior art and/or prosecution history.

### **FIFTH AFFIRMATIVE DEFENSE**
### **(Waiver, Laches, and Acquiescence)**

Plaintiff's claims for damages and other relief are barred in whole or in part by the equitable doctrines of waiver, laches, and/or acquiescence, including but not limited to Plaintiff's (including Plaintiff's predecessors, assignors, etc.) unreasonable delay in asserting the '843 patent against Newegg.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mark and/or Provide Notice)

To the extent that Plaintiff seeks damages for any alleged infringement prior to the marking of a product covered by the '843 patent, or prior to Plaintiff's giving actual notice of the '843 patent to Newegg, its claims are barred pursuant to 35 U.S.C. § 287(a).

### NEWEGG'S PRAYER FOR RELIEF

WHEREFORE, Newegg respectfully requests that the Court enter judgment in favor of Newegg and against Plaintiff, as follows:

A.  that Plaintiff takes nothing by the Complaint and that the Complaint be dismissed with prejudice;

B.  that Newegg does not infringe and has not infringed any claim of the '843 patent under any theory;

C.  that each asserted claim of the '843 patent is invalid and/or unenforceable;

D.  that no injunctive relief shall issue in favor of Plaintiff;

E.  that no damages shall be awarded to Plaintiff;

F.  that no costs, expenses, or attorneys' fees shall be awarded to Plaintiff;

G.  that no other relief shall be awarded to Plaintiff;

H.  that this case is declared exceptional pursuant to 35 U.S.C. § 285 and that attorneys' fees shall be awarded to Newegg;

I. that costs and expenses shall be awarded to Newegg; and

J. that such other and further relief as the Court deems just and proper shall be awarded to Newegg.

## JURY DEMAND

Under Federal Rule of Civil Procedure 38(b), Defendant respectfully requests a trial by jury on all matters raised in its Answer and Affirmative Defenses or in Plaintiff's Complaint.

Respectfully submitted,

Dated: June 2, 2020

/s/ *Francis DiGiovanni*
Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
**FAEGRE DRINKER BIDDLE & REATH LLP**
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
302.467.4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

*OF COUNSEL:*

Kent E. Baldauf, Jr.
Bryan P. Clark
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
kbaldaufjr@webblaw.com
bclark@webblaw.com

*Attorneys for Defendant*